**Liliya Basyrovna GAZIZOVA,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

No. 04–73322.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

Liliya Basyrovna Gazizova, West Hollywood, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Terri J. Scadron, Esq., Ryan H. Rainey, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Liliya Basyrovna Gazizova, native and citizen of Russia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir. 2003), and we deny the petition for review.

The record does not compel the conclusion that Gazizova was persecuted by the Russian government or agents of the government based on her ethnicity and her attempted exposure of corruption in the medical institution where she worked. Assuming Gazizova is credible, substantial evidence supports the BIA finding that Gazizova did not establish past persecution or a well-founded fear of future persecution by individuals the Russian government is unwilling or unable to control. *See Castro–Perez v. Gonzales,* 409 F.3d 1069, 1072 (9th Cir.2005). Therefore she has not established her eligibility for asylum.

As Gazizova is unable to establish eligibility for asylum, she necessarily fails to meet the higher burden of proof for withholding of removal. *See Kamalthas v. INS,* 251 F.3d 1279, 1283 (9th Cir.2001).

Substantial evidence supports the BIA's denial of CAT relief because Gazizova failed to establish that it is more likely than not she will be tortured "at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *See Zheng,* 332 F.3d at 1193.

Gazizova's contention that the BIA erred when it made a de novo review is foreclosed by *Ghaly v. INS,* 58 F.3d 1425, 1430 (9th Cir.1995).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

